UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAEUS JOHNSON, | No. 2:14-cv-1287 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. JONES., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that in September 2012, while he was standing in line for a meal, a correctional officer (Jones) threw a spoon at him without provocation, then activated her personal alarm, causing plaintiff to be physically removed from the dining hall. Jones then "fabricated the events of this occurrence" on a CDCR 115 Rules Violation Report and lied at plaintiff's

1  disciplinary hearing in connection with this event. (ECF No. 1 at 3.) Plaintiff asserts that "this
2  fabricated RVR will remain in my CDCR file and have a negative [e]ffect on me, denying me the
3  chance at freedom[.]" (Id.) He similarly asserts that "my life could be affected be a longer
4  sentence and a loss of time based on [Jones'] fabricated and false report and testimony." (Id. at
5  4.)

6       From the above, it appears that this action is barred by Heck v. Humphrey, 512 U.S. 477
7  (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions
8  whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove
9  that the conviction or sentence was reversed, expunged, or otherwise invalidated. Heck v.
10 Humphrey, 512 U.S. at 486–487. In § 1983 suits the court must "consider whether a judgment in
11 favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
12 would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or
13 sentence has already been invalidated." Id. at 487. The Heck bar preserves the rule that federal
14 challenges, which, if successful, would necessarily imply the invalidity of incarceration or its
15 duration, must be brought by way of petition for writ of habeas corpus, after exhausting
16 appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly,
17 "a state prisoner's [section] 1983 action is barred (absent prior invalidation) — no matter the
18 relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state
19 conduct leading to conviction or internal prison proceedings) — if success in that action would
20 necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544
21 U.S. 74, 81–82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 644–646 (1997) (holding that
22 claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not
23 cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the
24 hearing).

25      Here, it appears that if plaintiff prevails on his claim against Jones, a judgment in his favor
26 will necessarily imply the invalidity of his disciplinary conviction and any resulting credit loss.
27 /////
28 /////

3

See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's § 1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.[1]

Thus the complaint will be dismissed. Plaintiff will be granted one opportunity to amend the complaint in order to show that the disciplinary conviction that is the subject of this action has been invalidated, or any other reason why the Heck bar does not apply.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

---

[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
   1) Advance written notice of the charges;
   2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
   3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
   4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The complaint is dismissed without prejudice;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 3, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /john1287.14.new